Maupin, J.,
concurring:
The district court in this instance failed to follow through on its intention to perform a canvass concerning Hooks’ request to waive assistance of counsel at trial under Faretta v. California.[1] I agree with the majority that this failure requires a new trial, even under our decision in Graves v. State,[2] in which we reiterated that a formal canvass is “not constitutionally required for a valid waiver where it is apparent from the record [as a whole] that the defendant was aware of the dangers and disadvantages of self-representation.”[3] Here, it is not apparent that Hooks appreciated the full extent of the stakes at issue in the case, particularly the potential range of punishment, when he advised the district court of his intent to proceed without counsel.
*59 I write separately because I have come to the conclusion that formal Faretta canvasses under SCR 253[4] should be mandatory before district courts determine the validity of attempted Faretta waivers. Under this mandatory rule, any conviction of a self-represented defendant in the absence of such a canvass should result in reversal of that conviction. Our embrace of such a rule would maximize the protections afforded under Faretta, reduce the likelihood of manipulation of the process by a defendant, provide a far superior record for appellate review of Faretta waivers, and substantially curtail the endless process of relitigating equivocal waivers in cases on appeal where the defendant, notwithstanding his plea to the trial court to elect self-representation, retrospectively claims that he did not adequately waive counsel.[5] In this, I would embrace the rule adopted in United States v. Jones [6] in which the Third Circuit Court of Appeals rejected other federal circuits’ approach of reviewing the appellate record as a whole when the trial court fails to conduct a Faretta canvass.
Under Jones, to prevent reversal of a conviction of a self-represented defendant, the trial court must undertake “[a] complete, on-the-record colloquy with the defendant.”[7] In my view, this would avoid the necessity on appeal of forming a judicial “search party” to examine the entire appellate record for evidence of a valid waiver. Such an approach, according to the court in Jones, provides “a significantly better way of protecting the right to counsel than the whole-record approach.”[8] Thus, I would reject the Graves approach and require a formal SCR 253 canvass in every case.[9] Because no canvass was undertaken here, reversal under the third circuit approach would be mandated.

 422 U.S. 806 (1975).

 112 Nev. 118, 912 P.2d 234 (1996).

 Id. at 125, 912 P.2d at 238-39.

 Among other things, SCR 253 provides that “[w]here a defendant appearing in district court chooses self representation, the court should make a specific, penetrating and comprehensive inquiry of the defendant.”

 In this case, Hooks clearly understood his right of self-representation and clearly wanted to exercise that right. Reversal here is required because there was no indication that he understood the penalty he faced and whether, knowing the full extent of his penal exposure, he would have been willing to proceed without counsel.

 452 F.3d 223, 232 (3d Cir. 2006).

 Id.

 Id.

 I would further hold that “Faretta” canvasses in the justice court during preliminary (probable cause) hearings conducted under Nevada law are not sufficient with respect to trial proceedings in the district court.